UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH WENKER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES INC., et al.,<br><br>Defendants. | CASE NO. C26-1526JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Elizabeth Wenker and Michael Zahler's ("Plaintiffs") motion to remand this case to King County Superior Court. (Mot. (Dkt. # 11); Reply (Dkt. # 15).) Defendant Delta Air Lines, Inc. ("Delta") opposes the motion. (Resp. (Dkt. # 14).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES the motion.

[1] Neither party requests oral argument, and the court finds that oral argument would not assist it in the resolution of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

## II. BACKGROUND

On May 6, 2024, Plaintiffs were passengers on a Delta flight from Cancun, Mexico to SeaTac International Airport. (Compl. (Dkt. # 1-1 at 5-18) ¶ 3.1.) After the aircraft was parked at the gate and connected to ground power, an electrical fire ignited near the aircraft's nose gear. (*Id.* ¶¶ 3.2-3.3.) The fire caused smoke to flood the inside of the aircraft while the passengers, including Plaintiffs, were still on board. (*Id.* ¶ 3.4.) The flight crew implemented emergency evacuation procedures to deplane the passengers. (*Id.* ¶¶ 3.5-3.6.) Plaintiffs allege that they suffered physical, emotional, and other injuries in the course of evacuating from the aircraft. (*Id.* ¶¶ 3.7-3.9.)

On April 6, 2026, Plaintiffs filed this action in King County Superior Court against Delta and Defendant the Port of Seattle, which operates SeaTac International Airport. (*See* Not. of Removal (Dkt. # 1) at 2.) They raised claims against Delta for damages under the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (the "Montreal Convention") and negligence under Washington state law, in addition to a state-law claim against the Port of Seattle for negligence and premises liability. (*See* Compl. ¶¶ 4.1-6.24.) On May 5, 2026, Delta removed the action, asserting that this court has federal question jurisdiction based on Plaintiffs' claim for damages under the Montreal Convention. (*See generally* Not. of Removal.) Plaintiffs filed their motion to remand on June 3, 2026. (*See generally* Mot.) The motion is fully briefed and ripe for decision.

//

//

## III. ANALYSIS

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). District courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, federal question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Plaintiffs assert that removal was improper because the Montreal Convention—a treaty of the United States—does not completely preempt their state-law claims. (*See generally* Mot.) Plaintiffs, however, rely on cases in which the complaints raised only state-law claims and made no mention of the Montreal Convention. *See, e.g.*, *Jensen v. Virgin Atl.*, No. 12-CV-06227 YGR, 2013 WL 1207962, at *1, *4 (N.D. Cal. Mar. 25, 2013) (holding, in a case where plaintiff asserted only state-law claims in his complaint, that the Montreal Convention did not completely preempt the state-law claims and granting remand); *Serrano v. Am. Airlines, Inc.*, No. CV 08-2256 AHM (FFMx), 2008 WL 2117239, at *1 (C.D. Cal. May 15, 2008) (same); *Narkiewicz-Laine v. Scandinavian Airlines Sys.*, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008) (same). Here, in contrast, Plaintiffs expressly alleged a claim for damages under the Montreal Convention (*see* Compl. ¶¶ 4.1-4.8), and they invoke the Montreal Convention throughout their complaint (*see, e.g.*, *id.* ¶¶ 2.1-2.2 (alleging that Plaintiffs were "passenger[s] for purposes of

international carriage within Article 1 paragraph 2 of the Montreal Convention"), 2.5 ("As to Defendant Delta, this action arises under the [Montreal Convention], a treaty of the United States."), 3.13 (alleging that Delta is liable for Plaintiffs' injuries under Article 17 of the Montreal Convention).) As a result, the court has no difficulty determining that Plaintiffs have presented a federal question on the face of their well-pleaded complaint. *See Hansen*, 902 F.3d at 1057. Accordingly, the court DENIES Plaintiffs' motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion to remand (Dkt. # 11).

Dated this 31st day of July, 2026.

JAMES L. ROBART
United States District Judge